IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:14-MJ-321-BF |
| LAWRENCE SHAHWAN | |

JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, Lawrence Shahwan, jointly request this Honorable Court to continue the time upon which an indictment must be filed for this particular case.

1. The Government filed a criminal complaint against the defendant on May 6, 2014, alleging a violation of 21 U.S.C. §§ 841(a)(1) and 846, knowingly and intentionally conspiring to distribute a Schedule I controlled substance.

2. Lawrence Shahwan was arrested and seen for his initial appearance before this court on May 9, 2014. The defendant subsequently waived his right to a preliminary and detention hearing.

3. Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an indictment must be returned on the instant charge "within thirty days from the date on which [the Defendant] was arrested or served with a summons in connection with such charges." This 30th day will fall on or about June 8, 2014.

4. The parties request that the Court continue presentation of the Defendant's

**Motion to Continue Time to Indict - Page 1**

case to the Grand Jury for an additional 60 days. Both parties believe that with additional time in which to gather information about the Defendant and the circumstances surrounding the events leading to the pending case, a plea agreement may be reached, thus negating the need for an indictment.

5. Therefore, the granting of this continuance would be in the interest of judicial economy. Both parties further believe that a continuance would serve the ends of justice and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

6. This request is not made in effort to unduly delay the proceedings, but rather to insure that justice is achieved. The parties both believe that a failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). As such, return of the indictment within the normal 30 day period could result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(I).

[NOTHING FURTHER ON THIS PAGE]

7. For the foregoing reasons, the parties request that this Honorable Court continue the time upon which an indictment must be filed for an additional 60 days, until on or about August 7, 2014.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

/s/ Brian D. Poe
BRIAN D. POE
Assistant United States Attorney
Texas Bar No. 24056908
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8670
Facsimile: 214.659.8803
Email: brian.poe@usdoj.gov

/s/ Douglas D. Mulder  (**by government's counsel, with permission**)
DOUGLAS D. MULDER
2001 Bryan Street, Suite 410
Dallas, Texas 75201
Telephone: 214-953-1919
ATTORNEY FOR DEFENDANT